**In the Matter of BEAUCREST REALTY ASSOCIATES, Debtor.**

**Bankruptcy No. 180–00422/19.**

United States Bankruptcy Court, E. D. New York.

May 5, 1980.

See also, Bkrtcy., 4 B.R. 164.

Stroock & Stroock & Lavan, New York City, for debtor; Lawrence M. Handelsman, William J. Lowy, New York City, of counsel.

Marcus & Angel, New York City, for petitioning creditors; Joshua J. Angel, New York City, of counsel.

Robinson, Silverman, Pearce, Aronsohn & Berman, New York City, for Jamaica Savings Bank; Edward S. Cowen, New York City, of counsel.

### DECISION AND MEMORANDUM OF LAW

### DECISION AND MEMORANDUM OF LAW ON THE APPLICATION FOR RECONSIDERATION OF ORDER CONTINUING STAY AGAINST PETITIONING CREDITORS

### PRELIMINARY STATEMENT

JOSEPH V. COSTA, Bankruptcy Judge.

An involuntary petition under Chapter 11 of the Code was filed by three creditors

("Petitioning Creditors") against Beaucrest Realty Associates ("Debtor") on January 28, 1980. The Debtor filed its answer and counterclaim and after issue was joined a trial of the issues was set by the Court for May 5, 1980. The delay in date of trial was occasioned by the requests of the parties and a stipulation was filed which in effect limited the business operations of the Debtor and the payment of obligations outside the ordinary course of business.

The Petitioning Creditors also commenced adversary proceedings to lift the automatic stay to enable them to commence foreclosure proceedings on their respective second mortgages held by them on properties owned by the Debtor. In a preliminary hearing conducted by the Court with Petitioning Creditors and Debtor represented by counsel, the Court granted the Debtor's application to continue the automatic stay until the final determination of the trial of the issues in the involuntary proceeding and entered an order to that effect on April 8, 1980. On April 15, 1980, at a pre-trial hearing of the adversary proceeding the matter of the expiration of the stay under 11 U.S.C. § 362(e) (1979) was argued by the parties and after the hearing the court again granted the Debtor's request for a continuation of the stay and the final determination of the adversary proceeding.

In the interim, on or about March 4, 1980, Jamaica Savings Bank ("the Bank"), the first mortgagee, commenced an adversary proceeding under the automatic stay provisions of 11 U.S.C. § 362 (1979) for leave to commence foreclosure proceedings in the state court on properties owned by the Debtor. The Petitioning Creditors in the involuntary proceeding were not parties to the Bank's adversary proceeding. On April 17, 1980, at the pre-trial hearing in the Bank's adversary proceeding, the court declared the same to be a preliminary hearing at the request of the Debtor to continue the stay, decided that the Debtor's time to apply for a continuation of the stay had expired on April 3, 1980, and therefore the stay against the Bank was terminated. The court then permitted the Bank to proceed with its foreclosure action in the state court to the point of sale.

## MEMORANDUM OF LAW

The Petitioning Creditors, second mortgagees, have requested the court to reconsider its order of April 8, 1980 and its decision of April 15, 1980, whereby the court granted the Debtor's application to continue the automatic stay under 11 U.S.C. § 362 (1979) against the Petitioning Creditors. The petition for reconsideration stated three reasons which necessitate reconsideration. They are: (1) the interest of Almi Real Estate and Playhouse, petitioners in the involuntary proceeding, will be prejudiced due to the relief granted to foreclose by the first mortgagee, Jamaica Savings Bank; (2) a denial of due process by virtue of the fact that the granting of the first mortgagee's application for relief from the stay, based upon the possible harm to its interests by the continued possession of the properties by the Debtor, is equally applicable to the second mortgagees; and (3) the relief requested by the Petitioning Creditors for permission to foreclose up to the point of sale.

■ The Petitioning Creditors have not shown how their interest will be harmed by the first mortgagee's foreclosure proceedings, which by court order may only proceed to point of sale. Secondly, the relief granted to Jamaica Savings Bank was due to the termination of the automatic stay under § 362(e) and not to the possible harm to its interest through continued possession by the Debtor, nor were findings on the merits required or made under § 362(d) of the Code. No findings were made by the court as to harm to the first mortgagee, therefore the petitioners have no basis for their allegation that they were denied due process of law.

■ More importantly, however, is the issue of whether a petitioning creditor, secured by virtue of its status as a mortgagee, can invoke the automatic stay under 11 U.S.C. § 362 (1979) by the filing of an involuntary Chapter 11 petition and then subsequently seek relief from the stay in

order to foreclose on the very property that would be the subject of any possible reorganization plan. The Debtor is in the business of owning and managing real estate. The properties subject to the Petitioning Creditors' mortgages are the sole assets of the Debtor's business. It is anomalous for the Petitioning Creditors to file an involuntary petition and then attempt to defeat any possibility of reorganization should an order for relief be granted.

Congress recognized the importance of property that is central to reorganization in the legislative history accompanying 11 U.S.C. § 362(d) (1979) where it stated that the requirement that the debtor have equity in the property does not apply where the business of the Debtor is managing or leasing real property and the property is necessary to an effective reorganization. 124 Cong.Rec.H. 11,092–3 (Sept. 28, 1978); S. 17,409 (Oct. 6, 1978). Thus creditors may not defeat possible reorganization by removing essential assets. This is similar to the purpose for the automatic stay, i. e., to give the debtor an opportunity to attempt a repayment plan and to provide creditor protection against those creditors who acted first to obtain payment of claims in preference to and to the detriment of other creditors. H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 340–42 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 49–51 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787. This Court must assume that the Petitioning Creditors desired the protection afforded by the automatic stay under § 362 and invoked the jurisdiction and power of this Court for that purpose and are therefore now equitably estopped from seeking its termination.

The bankruptcy court is a court of equity and as such it will not permit the manipulation of the law by the Petitioning Creditors through their subsequent use of their status as secured creditors to defeat the very goal they initially sought by invoking the jurisdiction of the bankruptcy court, i. e., the reorganization of the Debtor. The court will not continence this chameleon-like activity.

The application by the Petitioning Creditors for a reconsideration of the court's order of April 8, 1980, and its decision of April 15, 1980, continuing the provisions of the automatic stay against them is granted and on reconsideration the original order of April 8, 1980, and decision of April 15, 1980 is adhered to and affirmed.

THIS IS AN ORDER.